# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| DON RAY WHITEHURST, ) | Civil Action Number: |
| ) | 4:09-1699-JFA-TER |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| STATE OF SOUTH CAROLINA, ) | |
| COUNTY OF SPARTANBURG, ) | |
| SPARTANBURG COUNTY SHERIFF'S ) | |
| DEPARTMENT, AND SPARTANBURG ) | |
| COUNTY DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, pro se, filed this action in the Court of Common Pleas for Spartanburg County. Defendant State of South Carolina (hereinafter "defendant") filed a Notice of Removal to Federal Court on June 25, 2009.[1] Plaintiff alleges his constitutional rights were violated claiming medical indifference and excessive force. The Clerk of Court for Spartanburg County appointed an attorney for plaintiff. Therefore, at the time of removal, plaintiff was represented by appointed counsel from state court. Further, at the time of removal, defendant asserted that the remaining defendants had not been served with the summons and complaint. No certificate of service has been provided to the court or any other document revealing that the remaining defendants have been

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

served, and they have not made an appearance in this court. Defendant filed a motion to dismiss on June 30, 2009. On July 20, 2009, plaintiff's counsel filed a motion to be relieved/withdraw as counsel for plaintiff based upon the pleadings and Rule 608(g)(1) SCACR. On August 24, 2009, an order was entered granting counsel's motion to be relieved of counsel "provided she serve a copy of this order on plaintiff, provides the court with his current mailing address, and provides a copy of the pleadings, including outstanding motions, to plaintiff within fifteen (15) days of the date of this order. Thereafter, plaintiff's counsel is to provide the court with an affidavit that this has been accomplished." (Doc. #16). Plaintiff's counsel filed said affidavit on September 5, 2009. Because plaintiff is now proceeding pro se, the court issued an order on or about September 9, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the defendant's motion to dismiss/summary judgment could result in the dismissal of his complaint. Plaintiff has failed to file a response to the motion to dismiss or the court's order requiring him to respond.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

As the plaintiff is now proceeding pro se so, he is entirely responsible for his actions. Plaintiff has not responded to defendant's motion to dismiss, or the court's Orders requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit as to this defendant and as to this lawsuit in that no other defendants have been served or made an appearance in this case. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 30, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**